The Honorable Carolyn Tillotson State Senator, Third District 1606 Westwood Drive Leavenworth, Kansas 66048
Dear Senator Tillotson:
As senator for the third district, you request our opinion regarding whether the board of county commissioners for Leavenworth county may levy a tax to fund community mental health services.
Upon the facts presented to this office, it appears that, by county resolution adopted in 1963, Leavenworth county became a participant in the Northeast Kansas Mental Health Guidance Center (center). A governing board for the center was appointed and, pursuant to K.S.A.19-4001, an independent quasi-municipal corporation was created. Boardof County Commissioners of Leavenworth County v. Northeast Kansas MentalHealth and Guidance Center, No. 9307CV325 (Leavenworth County District Court September 10, 1993). From 1963 through 1992, the board of county commissioners levied an annual tax pursuant to K.S.A. 19-4004 to provide funding for the center. Id.
Through adoption of a county resolution on October 15, 1992, the board of county commissioners for Leavenworth county ratified its action "taken on October 8, 1992, dissolving any relationship or agreement existent between Leavenworth County, Kansas, and Northeast Kansas Mental Health 
Guidance Center. . . ." Leavenworth County Resolution No. 1992-34. The resolution also established a community mental health center and authorized the appointment of a governing board for the community mental health center. The establishment of the community mental health center was to be effective no later than January 1, 1993. The funding for the community mental health center was to be provided pursuant to K.S.A.19-4004. Leavenworth County Resolution No. 1992-34 was published on October 21, 1992, in The Tonganoxie Mirror.
As authorized under K.S.A. 19-4001, the board of county commissioners of any county or the boards of county commissioners of two or more counties jointly may establish a community mental health center, a community facility for the mentally retarded, or both, to provide the services set forth in K.S.A. 19-4001. See also K.S.A. 1992 Supp. 39-1609. Excluding Sedgwick and Johnson counties, every county which establishes a mental health center or facility for the mentally retarded must establish a community mental health or mental retardation governing board composed of not less than seven members appointed by the board of county commissioners. K.S.A. 1992 Supp. 19-4002.
 "In all counties wherein the board or boards of county commissioners in the event of a combination of counties has established a governing board, the respective board or boards of county commissioners may levy an annual tax upon all taxable tangible property in such county, which tax shall not exceed the limitation prescribed by K.S.A. 1979 Supp. 79-1947, for mental health services. . . . The respective board or boards of county commissioners may also levy an additional annual tax upon all taxable tangible property in such county, which tax shall not exceed the limitation prescribed by K.S.A. 1979 Supp. 79-1947, for mental retardation services . . . . In addition thereto, to provide for the purchase of or the construction of facilities for the community mental health center, and/or facility for the mentally retarded, the board or boards of county commissioners may, upon petition of the governing board, levy an annual tax on all taxable tangible property in their county, which tax shall not exceed the limitation prescribed by K.S.A. 1979 Supp. 79-1947. . . ." K.S.A. 19-4004.
A levy for the purpose of funding mental retardation services or purchase or construction of facilities may not be made until a notice to make such levy has been published in the proper publication and, if a sufficient petition has been filed, a proposition regarding the levy has been submitted to and approved by the electors of the county. K.S.A.19-4004.
The power of taxation is peculiarly and exclusively legislative. 71 AmJur2d State and Local Taxation sec. 72 (1973). Since the power of taxation is a legislative function, it follows that taxes can be imposed, levied, assessed, and collected only under statutory authority and in the manner provided by law, and that the power of taxing officials exists only by virtue of the statutes empowering them to act, and can be exercised only within the express authority conferred. Id at sec. 74.
The fundamental rule of statutory construction is that the intent of the legislature governs. House v. American Family Mutual Ins. Co.,251 Kan. 419, 423 (1992). In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. Todd v. Kelly, 251 Kan. 512, 516 (1992).
It is clear that K.S.A. 19-4004 confers upon the board of county commissioners the authority to levy an annual tax for the purpose of providing funding for: mental health services; mental retardation services; and the purchase or construction of facilities for the community mental health center or facility for the mentally retarded. However, such authority is conferred only upon the board of county commissioners "[i]n all counties wherein the board . . . of county commissioners . . . has established a governing body" pursuant to K.S.A. 1992 Supp. 19-4002. K.S.A. 19-4004 (emphasis added).
Levies regarding mental retardation services and the purchase or construction of facilities are subject to petition. Such levies may not be made until a notice of intent to make such levies have been published in a newspaper of general circulation in the county. "[I]f such proposition is approved or if no sufficient protest is made, then the board of county commissioners shall levy such tax, but if a sufficient protest is made and such proposition is not approved, the levy will not be made." K.S.A. 19-4004.
Finally, K.S.A. 19-4001 provides in part:
 "No community mental health center, and/or facility for the mentally retarded, shall be established in said community after the effective date of this act unless and until the establishment of the same has been approved by the secretary of social and rehabilitation services."
The provision regarding a community mental health center was part of the original enactment of the statute. L. 1961, ch. 292, sec. 1. The provision regarding a facility for the mentally retarded was added in 1970. L. 1970, ch. 115, sec. 1. The legislature has established as a precondition for establishing a center or facility that the center or facility be approved by the secretary of social and rehabilitation services.
The legislature has established preconditions which must be met before a board of county commissioners is authorized to levy a tax to provide funding for mental health services, mental retardation services, or the purchase or construction of facilities for the community mental health center or facility for the mentally retarded. Therefore, the authority of a board of county commissioners to levy an annual tax for the purpose of providing funding for mental health services is restricted to those instances in which the board of county commissioners has established a governing body pursuant to K.S.A. 1992 Supp. 19-4002. Levies regarding mental retardation services and the purchase or construction of facilities may not be made until a notice of intent to make such levies has been published in a newspaper of general circulation in the county and either a proposition regarding the levy is approved by the electors of the county or no sufficient protest regarding the levy is made. A tax to provide funding for a community mental health center or facility for the mentally retarded may not be levied unless and until the establishment of the center or facility has been approved by the secretary of social and rehabilitation services. The board of county commissioners for Leavenworth county may levy a tax to provide funding for mental health services, mental retardation services, or the purchase or construction of facilities for the community mental health center or facility for the mentally retarded if the preconditions have been met. The board of county commissioners may not exercise its home rule powers to exempt the county from or effect changes in the provisions of K.S.A.19-4001 to 19-4015, inclusive, and amendments thereto. K.S.A. 1992 Supp. 19-101a, as amended by L. 1993, ch. 250, sec. 1.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm